## John J. Knickerbocker et al., Trustees, v. Joseph P. Crosby.

1. APPELLATE COURT PRACTICE—*Objections Not Covered by Assignment of Errors.*—Objections not covered by assignments of error can not be considered in this court.

2. RES ADJUDICATA—*What May be Considered as.*—The court compares this case with that of Knickerbocker v. McKindley, 172 Ill. 535, and holds the latter *res adjudicata* on this appeal.

Intervening Petition.—Appeal from the Superior Court of Cook County; the Hon. FARLIN Q. BALL, Judge, presiding. Heard in this court at the March term, 1899. Affirmed. Opinion filed December 14, 1899.

Statement by the Court.—This was a proceeding in the court below by petition of appellee to compel the payment by appellants, trustees under the last will and testament of James J. Gore, deceased, for certain vegetables, of the value of $385.40, which were furnished to one Laughlin, receiver appointed for the partnership property of the firm of Gore & Heffron, and while said receiver was operating a hotel, part of the partnership estate, pursuant to the order of the court appointing him.

The order appointing said Laughlin receiver was entered on July 16, 1889, was made upon the motion of said Gore, the then complainant in the case, the defendant Heffron consenting thereto, and, among other things, authorized him to " conduct the business of keeping said hotel, and from the receipts thereof pay such sums as may be necessary to discharge the current obligations incurred by him in the management thereof." Laughlin continued to conduct said hotel as receiver until December 6, 1894, and continued to act as receiver until January 31, 1895, when he resigned. March 15, 1894, the hotel building was sold to appellants, the then complainants in the bill, substituted as such after the death of Gore, for $95,000, and also the furniture and fixtures therein, being part of the partnership estate, for the sum of $9,250, which sale was affirmed March 28, 1894, by an order of that date which directed the receiver to turn over said furniture and fixtures to appellants. From this order Heffron appealed to this court, pending which appeal the furniture and fixtures were left in the possession of the receiver, as it is alleged, by the consent of appellants, which they deny. The receiver continued to conduct the hotel until December 6, 1894, when, upon petition of appellants, he was directed by order of the court to lease it, including said furniture and fixtures in the lease, which was done. One Tabor, on the resignation of Laughlin, was appointed receiver and continued to act until February 20, 1895, when he died. W. W. Edsall was then appointed receiver, qualified, entered upon his duties, and is still receiver in said cause.

During the months of August, September, October and November, and the 1st and 3d days of December, 1894, appellee, the petitioner, sold and furnished to said receiver, at his request, vegetables for use and consumption in the conduct of the hotel, to the amount of $385.40, which were not paid for, though the accuracy of the claim was admitted by the receiver. Upon petition of appellee, filed February 4, 1895, the court allowed the claim and ordered the receiver to pay the same within twenty days from March 24,

1895.   April 5, 1895, upon a showing by the receiver that
he had no funds available to pay the claim, so much of the
order as directed its payment was set aside.   The receiver
now has no funds and no property with which to pay the
claim of appellee, though he testified that he did at one
time have sufficient money in his hands to pay the claim,
but was directed by the court to apply it to other uses.

In the summer of 1895 the then lessees of said furniture
and fixtures surrendered them to the receiver, who turned
them over to appellants, who appropriated the same to their
own use.   Upon a hearing the chancellor found that the
amount due from the receiver to appellee was a charge and
lien upon said furniture and fixtures at the time they were
received by appellants, and directed that appellants, as
trustees, within fifteen days from the date of the order, pay
to appellee the amount so found due him, with interest at
five per cent from December 3, 1894, or that they restore to
the receiver the possession of said furniture and fixtures,
and that in default of such payment that said furniture and
fixtures be sold to pay the claim of appellee.   From this
order the appeal herein is taken.

JOHN W. SMITH and JESSE B. BARTON, attorneys for ap-
pellants.

B. F. CHASE and HARVEY LANTZ,. attorneys for appellee.

MR. JUSTICE WINDES delivered the opinion of the court.

It is claimed by appellants that the case of Knickerbocker
v. McKindley, etc., Co., 172 Ill. 535, which involved similar
claims against appellants, should not be considered by this
court as *res adjudicata* upon this appeal, and they have at-
tempted to point out wherein the case at bar is different
from the McKindley case.

. First.   They say that it was stipulated in the McKindley
case that Laughlin was appointed receiver on motion of
complainant, whereas in this case it appears he was ap-
pointed on motion of the complainant, the defendant con-

Knickerbocker v. Crosby.

senting thereto.   We are unable, in the light of the decision
in the McKindley case, to conceive why that difference in the
two cases should make any difference in the result.

Second.   In the McKindley case it appears that the fur-
niture and fixtures in question were left in the possession of
the receiver pending the appeal, and the receiver continued
to conduct the hotel during that time by consent of the
complainants and the defendant, whereas, in this case it is
denied that there was any such consent, and there is no
proof to overcome such denial.   This should make no differ-
ence as to the result of this case.   The property had to be
preserved pending the appeal, and the hotel was conducted
pursuant to the orders of the court.   This, it was held in
the McKindley case (page 546), was sufficient to charge the
property with a lien for appellee's claim.

Third.   In the McKindley case it was admitted that the
coal and groceries for which those claims were made on the
receiver, were necessary to enable the receiver to conduct
the hotel, whereas in this case it is said that there is no
proof that the vegetables in question were necessary, and
also that the order of the court did not authorize their
purchase.   It does appear in this case that the vegetables
were furnished at the request of the receiver, and after a
hearing of appellee's petition, asking that the receiver pay
for the same, the claim was allowed and the receiver ordered
to pay it.   This order was only set aside as to that part
directing the payment, because there were then no funds in
the hands of the receiver available for that purpose.   This
is sufficient proof, as we believe, that the vegetables were
necessary to the conduct of the hotel by the receiver.   As
we have seen, the order appointing Laughlin receiver was
broad enough to authorize him to purchase the vegetables
and pay for the same from the receipts of the hotel.   The
McKindley case holds (page 548) that it is the duty of the
court to pay the expenses of the receivership from the
income of the property, and when that proves insufficient
then to resort to the *corpus*.   In this connection it is
argued that resort can not be had to the *corpus* until a
deficiency of the income is first shown, and that this is not

shown by the evidence. The receiver testified that he did not have the money with which to pay appellee's claim, that he had had money in his hands sufficient to pay the claims, but the court directed him to apply it to other uses. This evidence answers the argument of counsel. It must be presumed, in the absence of a showing to the contrary, that the orders of the court directing the receiver to apply the money in his hands to other uses were properly made.

Fourth. It is claimed that because in the McKindley case it was stipulated that the amounts due the petitioners in that case became and were a charge and lien upon the furniture and fixtures, and that in this case it is denied there was any such charge or lien thereon, that that difference prevents the McKindley case from being *res adjudicata.* An examination of the latter case shows that while the decision of the court was in part based upon that stipulation, it also held that because Gore was responsible for the creation of the indebtedness which resulted in the sale of the property in question, and for the expenses of the receiver, and because he procured the appointment of the receiver over the property, he created a charge thereon for the expenses of the receivership, and as the appellants could only claim through Gore, they could not " relieve the property of that charge by purchasing at a foreclosure sale under an incumbrance created by Gore and for the payment of which he and his representatives are liable."

After a careful consideration of the evidence in the light of the several contentions of appellants, and a comparison of the same with the McKindley case, *supra,* we are of opinion that, except as below stated, the questions raised on this record are fully adjudicated by the Supreme Court in that case.

It is claimed by appellants that the decree herein is erroneous, because they alone are made liable for the receivership expenses and claim of appellee, whereas, if there is any liability, it is a joint one with Heffron. A sufficient answer to this contention is that it is not covered by any assignment of error and can not be considered in this court.

The decree of the Superior Court is therefore affirmed.